# JUAN UBARRI ET AL.

*v.*

# JOHN DOE ET AL.

---

San Juan, Law, No. 1174.

### SUIT IN EJECTMENT BY COTENANT.

Ejectment—Prior Suit to Set Aside Transfer.

    1. Where an executor has set apart to himself property of the estate of the decedent, the heir may sue him directly and not be forced first to set aside the conveyance.

Reivindicación—Part Interest.

    2. Under the civil law a co-owner can sue for a part of the common property.

Prescription—When Begins to Run.

    3. Prescription, like limitations, does not begin to run until there is someone to sue or someone to be sued. Registration of deed unaccompanied by possession of the land does not begin the running of prescription.

Opinion filed August 22, 1917.

---

*Messrs. Francis & Soto* for plaintiffs.

*Mr. H. G. Molina* for defendants.

HAMILTON, Judge, delivered the following opinion:

1. The demurrer in this case sets up that the plaintiffs' remedy, if any, is in equity to set aside transfers for fraud.

What may develop on the facts cannot be known, and the demurrer relates to the complaint alone. The theory of the complaint is that an executor set apart to himself certain property of the estate of his decedent, and an heir of the decedent now seeks to recover the property. Such a proceeding is absolutely void, and conferred no rights upon the executor. It is unnecessary to put the heirs of a decedent to the double trouble of a suit to set aside the conveyance and then another suit to recover possession. This has been directly held as to guardians, and the principle applies likewise to executors and administrators. Longpré v. Diaz y Quiñones, 237 U. S. 512, 59 L. ed. 1080, 35 Sup. Ct. Rep. 731.

2. The demurrer further claims that there cannot be a suit in ejectment or reivindicación by one of the heirs to recover his interest. Manresa, commenting on § 392 of the Civil Code, says that a co-owner (condueño) has the right to the exclusive use of a part of the common property, and therefore may sue third parties and strangers, and even his co-owners, suing for all the property or only a part, and that a recovery against a stranger enures to the benefit of the other co-owners. 3. Commentaries, 416, 417. The adoption of a Code of Civil Procedure upon American lines brings up the question of how far rights dependent upon Spanish procedure are now applicable, so that the present ruling must be taken as provisional, subject to further consideration upon the trial, if necessary.

3. The demurrer further raises the question of prescription. As the allegations of the complaint stand, it would seem that the right to sue began not on the registration of the void conveyance, but from the time that the defendants or their predecessor went into possession under it. The general rule is that

Ubarri v. Doe.

the Statute of Limitations does not begin to run until there is somebody who can sue and somebody who can be sued. Unless land is adversely held, there would seem to be no reason for the real owner to sue where the deed in question is void. Rulings on demurrer, however, must be held to be provisional and subject to revision when the facts develop more fully upon the trial.

The demurrer is overruled. It is so ordered.